UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| DANNY CHARLES WASHINGTON | * | CIVIL ACTION NO. 10-0356 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| E. WOODROW WHITTINGTON, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(1) & (6) [doc. # 7], filed by defendants E. Woodrow Whittington, Ronnie Lyons, Dennis Cage, and Shirley Maynor. The district court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that defendants' motion to dismiss for lack of subject matter jurisdiction be DENIED, but that the motion to dismiss for failure to state a claim be GRANTED.

### Background

On February 24, 2010, Danny Charles Washington filed the instant civil rights action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 and the Civil Rights Act of 1964 against four employees of the Ruston Housing Authority, in their individual and official capacities: E. Woodrow Whittington, Ronnie Lyons, Dennis Cage, and Shirley Manor. (Compl.). Washington contends that defendants violated his constitutional rights by permitting the unauthorized entry of Terry McMurray into his apartment, thereby enabling McMurray to burglarize Washington's

apartment that evening and to steal his car two months later. *Id*. Washington further alleges that after he complained about defendants' actions, defendants discriminated against him by wrongfully evicting him and his minor daughter from their apartment, thereby rendering them homeless. *Id*. Plaintiff contends that he has no adequate remedy under law and seeks preliminary and permanent injunctive relief, in addition to monetary damages. *Id*.

On May 6, 2010, defendants filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) & (6). The briefing deadline has long since lapsed and plaintiff has not filed a response. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 8]). The matter is now before the court.

## Discussion

**I.     Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104


F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The instant motion raises a "facial attack."

Plaintiff's complaint did not invoke any specific statutory authorization to support subject matter jurisdiction. Nevertheless, when, as here, "a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332.[1] For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Plaintiff's allegations do not establish the parties' citizenship and diversity, or that the amount in controversy exceeds $75,000.[2] Accordingly, diversity jurisdiction is lacking.

---

[1] Civil rights claims also confer federal subject matter jurisdiction. *See* 28 U.S.C. § 1343. Section 1331, however, is usually broad enough to encompass these claims.

[2] When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

"[F]ederal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is appropriately invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

As stated above, plaintiff's complaint refers to 42 U.S.C. § 1983 and the Civil Rights Act of 1964.[3] These statutory references suffice to assert federal subject matter jurisdiction, via federal question, 28 U.S.C. § 1331. *Cervantez, supra*.[4]

Although plaintiff's complaint supports the exercise of federal subject matter jurisdiction, that does not necessarily establish that his allegations will withstand a motion to dismiss for failure to state a claim. When "'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the

---

[3] Further, on the Civil Cover Sheet submitted in conjunction with his complaint, plaintiff indicated that jurisdiction was premised upon federal question. *See* Civil Cover Sheet [doc. 1-1].

[4] To the extent that plaintiff's complaint also sets forth factual allegations sufficient to assert a claim under state law, the presence of federal question jurisdiction *permits* the district court to exercise supplemental jurisdiction over sufficiently related claims. 28 U.S.C. § 1367; *but see*, discussion, *infra*.

merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) and *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985)).

**II.    Failure to State a Claim**

    a)    12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted), *cert. denied by, Southern Scrap Material Co., L.L.C. v. U.S.*, ___ U.S. ___, 129 S.Ct. 1669 (2009).

Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).

    b)    <u>Procedural Due Process</u>

Section 1983 states that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983. However, § 1983 does not create any substantive rights; it merely provides a remedy for the rights designated therein. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

Plaintiff contends that his personal property (including his car) was stolen and/or damaged because defendant, Dennis Cage, let an unauthorized stranger, Terry McMurray, into his apartment. (Compl. Exhs.). He adds that he has no adequate remedy at law to redress these wrongs. *See* Compl. These allegations implicate the Due Process Clause of the Fourteenth Amendment, which declares that no State shall "deprive any person of life, liberty, or property, without due process of law." UNITED STATES CONSTITUTION, AMENDMENT XIV. However, a

claim for random deprivation of personal property is not cognizable under § 1983.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908 (1981), an inmate claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that although the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's post-deprivation tort remedy provided him with all the process that was due. *Parratt,* 451 U.S. at 536-37, 101 S.Ct. at 1913. In other words, the Due Process Clause does not embrace tort law concepts.

Indeed, the Due Process Clause is not implicated even in instances where an intentional deprivation has occurred, provided an adequate state post-deprivation remedy is available, and so long as the deprivation was "random." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle (known as the *Parratt/Hudson Doctrine*) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations demonstrate that a random and unauthorized deprivation occurred when his personal property was either lost or stolen.[5] Therefore, he is not entitled to relief pursuant to § 1983 so long as adequate state law remedies are available. Under Louisiana law, an aggrieved plaintiff has the opportunity to seek redress for negligent acts or

---

[5] In fact, plaintiff alleges that Dennis Cage failed to follow written policy. *See* "Complaint Form;" Compl. Exhs.

7

intentional torts committed by someone else. La. Civ. Code Art. 2315. This general tort provision of the Louisiana Civil Code accords plaintiff all the process that is required, thereby obviating his procedural due process claim. *See Charbonnet v. Lee*, 951 F.2d 638, 642 (5th Cir. 1992).

      c)      <u>Substantive Due Process and Retaliation</u>

The *Parratt/Hudson* doctrine, however, does not bar claims for violations of plaintiff's substantive due process rights. *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 290 (5th Cir. 2002) (citation omitted). In this regard, plaintiff alleges that defendants evicted him from his apartment after he complained about the circumstances of the burglary to the Ruston Housing Authority, the Mayor of Ruston, and the Ruston Police Department. In sum, plaintiff contends that defendants retaliated against him for exercising his rights to petition and/or free speech under the First Amendment.[6]

The First Amendment prohibits adverse governmental action against an individual in retaliation for the individual's exercise of protected speech activities. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). To prevail on his First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated by plaintiff's exercise of constitutionally protected conduct. *Id*. (citations omitted).

---

      [6] The First Amendment applies to the states via the Fourteenth Amendment's due process clause. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 n18 (5th Cir. 1996) (citation omitted). Thus, a First Amendment retaliation claim may be characterized as a "substantive due process" claim. *Id*.

To the extent that plaintiff's complaint satisfies the first two requirements of an unlawful retaliation claim,[7] the complaint nonetheless fails to establish that defendants evicted him because of his protected activity. Conclusory allegations of causation do not suffice to withstand a motion to dismiss. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citation omitted).[8] Rather, plaintiff must either adduce direct evidence of motivation, or set forth a "chronology of events from which retaliation may plausibly be inferred." *Id*. (citation and internal quotation marks omitted). Here, plaintiff does neither.

Plaintiff attached to his complaint copies of eviction notices which demonstrate that beginning on July 6, 2009, the Ruston Housing Authority threatened eviction because of non-payment of rent. (Compl. Exhs.). Eviction notices again were issued in August, September, and October 2009. *Id*. The earliest eviction notice *pre-dates* a complaint form that plaintiff submitted to the Ruston Housing Authority on August 7, 2009, as well as a July 13, 2009, visit to the Mayor of Ruston. *See* "While You Were Away" slip; Compl. Exhs. Moreover, according to the exhibits attached to the complaint, the initial burglary of plaintiff's apartment occurred in April 2009, but no alleged adverse action was taken against plaintiff until July 2009, when he failed to pay his rent. *See* Incident Detail Report; Compl., Exhs.

Also, in a complaint form that plaintiff submitted to the housing authority, he appears to

---

[7] The public has an interest in the filing of a criminal complaint for an alleged burglary. *Lott v. Andrews Center*, 259 F.Supp. 2d 564, 571 (E. D. Tex. 2003). It also is not difficult to imagine that an unwarranted eviction could have a chilling effect on free speech.

[8] Although *Jones* is a prisoner case, the Fifth Circuit has countenanced the application of these principles in the non-prisoner context. *See e.g., Newman Marchive Partnership, Inc. v. Hightower*, 349 Fed. Appx. 963, 966, 2009 WL 3403189 (5th Cir. Oct. 22, 2009) (unpubl.).

acknowledge that he was unable to pay his rent,[9] and requested a six day extension to do so. ("Complaint Form;" Compl., Exhs.). Although plaintiff faults defendant, Whittington, for filing an eviction notice against him, Whittington apparently deferred the eviction proceedings for several months because subsequent notices issued. Finally, to the extent that plaintiff contends that defendants improperly increased his rent, this allegation is undermined by an August 3, 2009, letter from the Ruston Housing Authority which states that plaintiff's monthly rent was $300, with a $3.00 maintenance charge, plus the monthly electricity bill. (Aug. 3, 2009, Letter; Compl. Exhs.). These charges appear consistent with the amounts due on the eviction notices.

        d) <u>Equal Protection Clause and Discrimination</u>

To the extent that plaintiff attempts to assert a claim for discrimination under the Fourteenth Amendment's Equal Protection Clause, he must establish that he was treated differently from similarly situated individuals, and that the unequal treatment stemmed from discriminatory animus. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (citation omitted). "Discriminatory purpose . . . implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id*. (citation and internal quotation marks omitted). Moreover, when a plaintiff alleges discrimination on grounds other than membership in a protected group, he may proceed under a "class of one" theory if he shows "(1) that [he] was intentionally treated differently from others similarly situated and (2) that there was no rational basis for the difference in treatment." *Newman Marchive Partnership, Inc., supra* (citations

---

     [9] Plaintiff stated that he could not pay the rent because he had to pay a $500 deductible to repair the damage to his car after it was briefly stolen.

omitted).

In this case, plaintiff has neither demonstrated that he was a member of a protected group, nor that defendants treated him any different from other tenants who repeatedly failed to pay their rent. Accordingly, any plausible claim under the Equal Protection Clause or the various federal housing statutes[10] falls short.

In sum, the allegations in plaintiff's complaint do not state a claim arising under the Constitution and laws of the United States. Dismissal is required. Fed.R.Civ.P. 12(b)(6).[11]

### III.   Any Remaining State Law Claims

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. In fact, this is the general rule. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). The undersigned further observes that tort claims and eviction challenges remains within the particular province and expertise of the state courts. Accordingly, the twin interests of comity and efficiency dictate that any state law claims be dismissed without prejudice.[12]

### Conclusion

For the reasons set forth above,

---

[10] *See e.g., Artisan/American Corp. v. City of Alvin, Tex.*, 588 F.3d 291 (5th Cir. 2009); *Simms v. First Gibraltar Bank*, 83 F.3d 1546 (5th Cir. 1996).

[11] The court is not unmoved by the plight of plaintiff and his minor daughter. Moreover, plaintiff is a disabled veteran. The court, nonetheless, is constrained to find that plaintiff's remedy, if any, lies under state law.

[12] The limitations period is tolled for a minimum of 30 days after dismissal. *See*, 28 U.S.C. § 1367(d).

11

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 7] filed by defendants, E. Woodrow Whittington, Ronnie Lyons, Dennis Cage, and Shirley Maynor, be **DENIED**, insofar as it seeks dismissal for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendants, E. Woodrow Whittington, Ronnie Lyons, Dennis Cage, and Shirley Maynor, be **GRANTED**, and that judgment be entered in favor of defendants, **DISMISSING, with prejudice**, plaintiff's claims arising under the laws and Constitution of the United States. Fed.R.Civ.P. 12(b)(6)

**IT IS FURTHER RECOMMENDED** that any remaining claims arising under the laws of the State of Louisiana be **DISMISSED, without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of August 2010.

_____
Karen L. Hayes, U.S. Magistrate Judge